Okay, good afternoon. This is the hearing in United States v. Ken Liang concerning Mr. Liang's request to be granted leave to represent himself in the appeal from his criminal trial, 9th Circuit Docket No. 16-50063. The hearing is being conducted via videoconference. Mr. Liang is participating from the Federal Correctional Institute in Englewood, Colorado. And can I have an appearance from the government, please? Good afternoon. This is Jerry Yang on behalf of the United States. All right. So before we begin, I would like to have my courtroom deputy swear you in. Mr. Liang, I'm going to be asking you questions and I want them answered under penalty of perjury. So please administer the oath. Mr. Yang, could you please stand? He can just raise his right hand. Do you solemnly swear that the statements you're about to make in the case now before this court will be the truth, the whole truth, and nothing but the truth, so help you God? Yes. Please state and spell your name for the record. My name is Casey. That's my first name. Thank you. You may be seated. All right. Mr. Liang, do you have any physical or mental impairments that would affect your ability to participate in the proceedings today? No. All right. Are you able to hear me and to respond freely? Yes. All right. In response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal and that your request to represent yourself is knowing, intelligent, and unequivocal. Do you understand that?  All right. You have the right to counsel in this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal and is not intended to delay the proceedings on appeal. In determining whether the court will allow you to represent yourself, the court will inform you of the dangers and disadvantages of self-representation on appeal, inquire whether the issues on appeal are so complex that the assistance of counsel would aid the court in deciding the case, and inquire whether granting self-representation could unduly burden the court or undermine the integrity of the outcome. Do you understand all that?  All right. You may withdraw your request to represent yourself, and in that event, you may retain counsel who will enter an appearance. I am authorized to appoint counsel to represent you if you are unable to afford counsel. The court of appeals does not, however, permit the appointment of advisory or standby counsel, so you may not represent yourself and simultaneously have counsel appointed to represent you. Do you understand that? All right. This hearing, this request for self-representation is different from most others because you are trained in the law, and I understand that. Nonetheless, I'm going to go through the same kind of colloquy I would with someone who is untrained in the law, just so that there is a record that you understand all the elements that you would need to understand in order to waive your right to counsel. So I don't mean to insult your intelligence. I just want to make sure we cover all the bases. Do you understand that? Yes. All right. I know that you have submitted a written statement, and just in order to move the proceedings along today, I understand you have an undergraduate degree from the University of California at Berkeley? Yes. A double major in rhetoric and economics. Is that correct? That's correct. And then you went directly to law school right afterwards at Case Western Reserve. Do I have that right? That's correct. And then you have a juris doctorate degree from Case Western, correct? That's correct, yes. All right. What year did you graduate from law school? 2003. And when did you pass the bar exam? I believe 2005. And in what state? California. I'm sorry. California. I'm sorry. 2005 in California. All right. And then would you describe your first legal job after you passed the bar? I worked for the Immigration and Law Office after I passed the bar, and they specialized in immigration and appeals to the 9th Circuit. All right. What was the name of the firm? Wood and Worman. It's a downtown offensive. About 80 at the time. I think three to five attorneys. Mr. Liang, I'm having a little trouble hearing you, and I think maybe if you got a little closer to, or moved the microphone closer to your, it would be easier. So could you repeat the name of the law firm again? Wood and Worman. They are about three to five attorneys in downtown Los Angeles. W-O-O-D-N. And M-O-O-R-M-A-N. For about a year. I started my own law practice. That's correct. Because I believe I'm quite proficient in this area. I studied immigration, so I'm very good at writing. And I'm really good at writing appeals, and I believe that I can perform the best appeals possible for myself. Thank you. Yes, certainly. Thank you. Yes. Yes. Yes. Yes, I do. Yes. Yes. Yes. Yes, I do. Yes. Yes. Yes, I do. Yes. Yes. Yes, I do. Yes, I do. Yes, I do. Yes, I do. This is Jerry Yang speaking on behalf of the government. I just wanted to add that I've also been practicing since 2005, and I've been in the USA for eight years, mainly at the trial level. And being in the appellate court is a completely different experience. The issues are different. The way that the court looks at the issues are completely different than at the trial court level. Obviously, the government takes no position on it, but I just wanted to make that point clear that he understands that it's a very different experience and set of issues to deal with. And it seems like it would be best for a defendant, even if he's an attorney, to get an appellate specialist who knows these issues and who has the experience to deal with that. But that being said, of course, the government takes no position. Right. Well, I would add my endorsement of what Mr. Yang said to my belief, my sense is that it's always better to have an appellate specialist take over a case at the appeal, even from a trial court lawyer, because the appellate lawyer is going to look at the case the way the judges do and be able to evaluate the case based on a record the same way the judges will. So the judges weren't at the trial. They don't know what actually happened. They view the trial through the lens of the written record and the briefs. So an appellate specialist, in a sense, isn't tainted or prejudiced by what actually occurred. And speaking from my own personal experience, I can tell you that when I did trial work, it was very difficult for me to take a new and fresh look at the case once I would try and deal with it on appeal, because your view of the case as you prepare for it and go through it evolves, morphs many times in trial. And it's very difficult to get out of your mind the whole conceptualization of the case from trial to be able to view it freshly on appeal. Not to mention that on appeal, there are all these standards of review. Not every issue is viewed de novo. Some issues are reviewed for clear error or for abuse of discretion. And so trying to get your mind wrapped around that sometimes restrictive scope of review can be difficult when everything that you want to say— I wanted everything to be reviewed de novo if I had lost below. And if I won below, I wanted everything to be reviewed as strictly as possible. But I'm just trying to illustrate for you, Mr. Liang, some of the dangers of proceeding as you wish to proceed. I know that you have experience a little bit as an appellate attorney in the immigration context. That's quite different than the criminal context. But even then, I would urge you to think very carefully before you go forward with your request. So, having heard all that, is it still your intention to request leave to represent yourself on appeal? Yes, I still request pro se representation to represent myself. All right. Okay, let me move to some of the details here. Assuming that I recommend that you be granted leave to represent yourself in the court, agrees with that. What is the status of transcript production, Mr. Yang? I apologize. I don't have a status on that. Mr. Liang, do you know what the status is of transcript production? Yes, the transcript has been submitted to the Supreme Court. And because my parent had bought my personal copy, they're sending me copies on some regular basis. I just don't know the details of the full transcript. And the entire transcript has been produced at the district court? I believe so. I've ordered the entire transcript. Okay. So, let me ask you this question, Mr. Liang. Assuming that I grant your request, or I recommend that the court grant your request and the court agrees, what would be a, and assuming that you will have all the transcripts, what is the date at which you would request the court set for your submission of the opening brief? I'm thinking maybe I'll get all the transcripts in about two weeks or so. I recommend maybe I can get a brief in about 60 days now, somewhere around there would be great. So, 60 days plus two weeks? Just 60 days. 60 days from today, so it's like the first of August, approximately. Approximately. Okay, Mr. Liang, I'm going to set the government schedule. This does not seem to be a case that's unduly complex, so I'm going to, once we set the opening brief schedule, the remaining briefing schedule will proceed according to the rules of appellate procedure. Is that agreeable to you? Yes, it is. Thank you. All right. Is there anything else, Mr. Yang, that you would like to add before we end the proceeding? There's nothing I need to add from the government. All right. So, Mr. Liang, I'm going to issue a report and recommendation to a panel of judges, and I am now inclined to recommend granting your request to represent yourself, because I believe you can brief the case without burdening the court, and I suspect you'll be able to identify the issues. And I base this on my review of your earlier briefs that you submitted to this court in the immigration context. With that being said, I still think you're making a mistake, so I want to add my own personal view of that. However, I understand the desire for autonomy and for you to be in charge of your own defense, and for that reason, I will make that recommendation. And then it will be up to a panel of judges to decide whether to accept the recommendation, or reject the recommendation, or remand it to me for further proceedings. Do you understand all that? Yes, I do. Do you have any questions? No, I don't. Do you have any other statement that you wish to make at this time? No. All right. So I think our work is done here today. Thank you, Mr. Yang, for participating. And I also want to add my special thanks to the staff at Englewood for your assistance in making this proceeding go smoothly. The court is very thankful for that. All right. So this matter is then submitted pending the preparation of report and recommendation. Ordinarily, I would send the report and recommendation to you first to have you submit any objections that you may have. I do that when I'm recommending denial of self-representation. However, because I will be recommending granting this request, I'm going to file the report and recommendation. I'll serve a copy on you at the same time I submit it to a panel for their consideration. So that way we will expedite the process because I expect that they will adopt my recommendation. If not, we'll have to start over again. But I think we'll be okay to proceed on that basis. Is that agreeable to you, Mr. Yang? Yes, that's entirely agreeable. All right. Thank you. All right. With that being said, this matter is then submitted. And thank you all for your participation today. The court for this session stands adjourned.
judges: Appellate Commissioner Shaw